IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR JAMES GRIFFIN JR., | |
| Plaintiff, | 8:19CV495 |
| vs. | |
| OMAHA POLICE DEPT, and COUNTY ATTORNEY, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on its own motion. On November 22, 2019, the court ordered Plaintiff to show cause why he is entitled to proceed in forma pauperis in this action. ([Filing No. 8](#).) The court identified three cases that were brought by Plaintiff that may have been dismissed because they were frivolous, malicious, or failed to state a claim. The three cases identified by the court were *Griffin v. Newton, et al.*, Filing Nos. [7](#) & [8](#), 8:09CV400 (D.Neb.) (finding Plaintiff's complaint failed to state a claim for relief and dismissing case on March 18, 2010, after Plaintiff failed to amend complaint), *Griffin v. Herrick, et al.*, Filing Nos. [15](#) & [20](#), 8:18CV316 (D.Neb.) (finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 24, 2018, after Plaintiff failed to amend complaint), and *Griffin v. State of Nebraska, et al.*, Filing Nos. [13](#) & [18](#), 8:18CV317 (D.Neb.) (finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 24, 2018, after Plaintiff failed to amend complaint). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. [28 U.S.C. § 1915(g)](#).

To date, Plaintiff has not filed a response to the court's order to show cause nor has he paid the court's $400.00 filing and administrative fees despite the court's warning that failure to take either action would result in dismissal of this case.

Rather, on November 25, 2019, Plaintiff filed a motion to amend and update information (filing no. 9) which merely lists citations to Black's Law Dictionary and Nebraska state statutes and/or court rules. The citations appear to be related to the allegations raised in Plaintiff's Complaint. (*See* Filing No. 1.) Thus, Plaintiff has failed to comply with the court's orders and failed to show cause why the three cases identified above should not be considered "strikes" pursuant to 28 U.S.C. § 1915(g).

As the court has determined that three federal court cases brought by Plaintiff, while a prisoner, were dismissed for failure to state a claim, the court must consider whether Plaintiff has demonstrated he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court has considered Plaintiff's Complaint (filing no. 1) and motion to amend (filing no. 9) and finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar. Liberally construed, Plaintiff's Complaint appears to challenge pending state criminal charges against Plaintiff based on affirmative defenses of "diminished capacity" and "specific-intent-defense." (Filing No. 1 at CM/ECF pp. 3–4.) Plaintiff's pleadings fail to suggest any threat of serious physical injury to Plaintiff. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is denied.

2. Plaintiff's pending motion to amend and update information (filing no. 9) is denied as moot.

3. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

4. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 30th day of December, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge